IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re GALENA BIOPHARMA, INC. SECURITIES LITIGATION, | Case No. 3:14-cv-367-SI (LEAD)<br><br>**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, PROVIDING FOR NOTICE, AND SCHEDULING SETTLEMENT HEARING** |

**Michael H. Simon, District Judge.**

In the above-captioned action (the "Action"), Lead Plaintiffs Kisuk Cho, Anthony Kim,

Pantelis Lavidas, and Joseph Buscema (collectively, "Lead Plaintiffs") and Plaintiff Alan

Theriault ("Theriault") (together with Lead Plaintiffs, the "Plaintiffs"); and Galena Biopharma,

Inc. ("Galena" or the "Company"), Ryan M. Dunlap, Remy Bernarda, Rudolph Nisi, Sanford

Hillsberg, Steven Kriegsman, Stephen Galliker, Richard Chin and Mark Ahn, and dismissed

defendant Mark Schwartz (collectively "Settling Defendants")[1] have agreed to settle all claims

asserted in the Action against the Settling Defendants. A Settlement was entered into by the

Settling Parties through an Amended Stipulation of Settlement, filed February 10, 2016 (the

---

[1] Lead Plaintiffs, on behalf of themselves and the Class, and Settling Defendants are collectively referred to as the "Settling Parties."

"Settlement Stipulation") (Dkt. 170). The Settlement Stipulation is subject to review under Rule 23 of the Federal Rules of Civil Procedure. Further, the Settlement Stipulation, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Consolidated Class Action Complaint (Dkt. 59) filed in the Action on the merits and with prejudice. The Court has read and considered the Settlement Stipulation, the proposed Notice, the proposed Publication Notice[2], the proposed Proof of Claim and Release, and the proposed Final Judgment and finds that substantial and sufficient grounds exist for entering this Preliminary Approval Order. Accordingly,

**IT IS HEREBY ORDERED:**

1.      All capitalized terms used herein shall have the same meaning as in the Settlement Stipulation, unless otherwise defined herein.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, claims in the Action against the Settling Defendants are hereby preliminarily certified as a class action on behalf of all persons who purchased or otherwise acquired Galena common stock during the period from August 6, 2013, through and including May 14, 2014, and were damaged thereby. Excluded from the Class are: (1) the Settling Defendants; (2) all current and former directors and officers of Galena during the Class Period; (3) any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons or entities referenced above; (4) those persons who file valid and timely requests for exclusion in accordance with the Order.

---

[2] The Court notes that in the Settlement Stipulation, the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing is defined as the "Publication Notice," but that in briefing and other documents submitted to the Court this notice is also sometimes referred to as the "Summary Notice."

3.      The Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Plaintiffs are certified as the class representatives on behalf of the Class and the Co-Lead Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as Co-Lead Counsel for the Class.

5.      A hearing pursuant to Federal Rule of Civil Procedure 23(e) (the "Settlement Hearing") is hereby scheduled to be held before this Court on Thursday, June 23, 2016 at 3:30 p.m. for the following purposes:

(a)     to finally determine whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) for purposes of settlement;

(b)     to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court;

(c)     to determine whether the Final Judgment as provided in the Settlement Stipulation should be entered, dismissing all claims in the Consolidated Complaint against all of

PAGE 3 – ORDER

the Settling Defendants, on the merits and with prejudice, and to determine whether the release

by the Class of the Settling Defendants' Released Parties, as set forth in the Settlement

Stipulation, should be ordered;

        (d)    to determine whether the proposed Plan of Allocation for the Net

Settlement Fund is fair and reasonable and should be approved by this Court;

        (e)    to consider the application of Co-Lead Counsel for an award of attorney's

fees and expenses and reimbursement awards to Lead Plaintiffs; and

        (f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without

modification and with or without further notice of any kind. The Court further reserves the right

to enter its Final Judgment approving the Settlement Stipulation and dismissing the claims in the

Complaint as to the Settling Defendants, on the merits and with prejudice, regardless of whether

it has approved the Plan of Allocation or awarded attorney's fees and expenses or reimbursement

awards to Co-Lead Counsel and Lead Plaintiffs.

7.    The Court approves the form, substance and requirements of: (a) the Notice,

(b) the Publication Notice, and (c) the Proof of Claim and Release.

8.    Co-Lead Counsel has the authority to enter into the Settlement Stipulation on

behalf of the Class and is authorized to act on behalf of the members of the Class with respect to

all acts or consents required by or that may be given pursuant to Settlement Stipulation or such

other acts that are reasonably necessary to consummate the Settlement.

9.    The Court approves the appointment of KCC Class Action Services as the Claims

Administrator, and approves the payment of reasonable administration costs to the Claims

Administrator from the proceeds of the Settlement, not to exceed $90,000 without further Court

order.

10.     Within 5 days of entry of this Order, Settling Defendants are to arrange for

Galena or its transfer agent to provide the Claims Administrator the names of all registered

holders of Galena securities and those who purchased or sold at times relevant hereto.

11.     Within 12 business days of entry of this Order, the Claims Administrator shall:

(a)     mail, by first class mail, postage prepaid, copies of the Notice and the

Proof of Claim and Release form to all potential Class Members at the address of each such

person as set forth in the records of Galena or its transfer agent or who otherwise may be

identified through further reasonable effort;

(b) cause the Notice and Proof of Claim and Release substantially in the forms

submitted on February 10, 2016 to the Court to be posted on the Claims Administrator's website;

and

(c) cause the Publication Notice to be published once over GlobeNewswire and

once in *Investor's Business Daily*, on separate dates.

12.     Co-Lead Counsel, through the Claims Administrator, shall also make all

reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or

entities who purchased Galena Securities during the Class Period. Within ten (10) calendar days

after receiving the Notice, such nominee purchasers are directed to forward copies of the Notice

and Proof of Claim and Release to their beneficial owners or to provide the Claims

Administrator with lists of the names and addresses of the beneficial owners, and in the latter

case, the Claims Administrator is ordered to send the Notice and Proof of Claim and Release

promptly to such beneficial owners (such nominees may be reimbursed for reasonable costs to

PAGE 5 – ORDER

provide the names and addresses to the Claims Administrator). Additional copies of the Notice

shall be delivered to any nominee requesting same for the purpose of distribution by the nominee

to beneficial owners, and nominees shall be reimbursed from the Settlement Fund in an amount

not to exceed $0.75 per Notice mailed by the nominee for the expense of sending the Notice and

Proof of Claim and Release to beneficial owners. In addition, promptly upon execution of this

Order, the Notice shall be made available for review on www.galenasecuritieslitigation.com.

13.     At or before the Settlement Hearing, Co-Lead Counsel shall file with this Court,

and serve upon counsel for the Settling Defendants, an affidavit(s) describing the Claims

Administrator's efforts to provide notice to Class Members and compliance with the specific

requirements set forth above. Further, Co-Lead Counsel shall file with this Court, and serve upon

counsel for the Settling Defendants, proof of publication of the Publication Notice.

14.     The form and method set forth herein of notifying the Class of the Settlement and

its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules

of Civil Procedure and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as

amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice

practicable under the circumstances; and shall constitute due and sufficient notice to all persons

and entities entitled thereto. Under no circumstances shall any Class Member be relieved from

the terms of the Settlement, including the releases provided for therein, based upon the

contention or proof that such Class Member failed to receive actual or adequate notice.

15.     To share in the net proceeds of the Settlement in the event the Settlement is

effected in accordance with all of the terms and conditions thereof, each Class Member shall take

the following action and be subject to the following conditions:

(a)     A properly executed Proof of Claim and Release, substantially in the form

submitted as Exhibit A-3 to the Settlement Stipulation, shall be submitted, by first class mail,

postage prepaid, postmarked no later than sixty (60) calendar days from the date of this Order to

the Post Office Box address listed in the Notice. Such deadline may be further extended by Order

of this Court. Each Proof of Claim and Release shall be deemed to have been submitted when

postmarked (if properly addressed and mailed by first-class mail) provided it is actually received

before the filing of a motion for an Order of the Court approving distribution of the Net

Settlement Fund. Any Proof of Claim and Release submitted in any other manner shall be

deemed to have been submitted when it was actually received at the address designated in the

Notice;

(b)     The Proof of Claim and Release submitted by the Class Member must:

(i) be fully and properly completed, without any material deletions or modifications of any form

provided to the Class Member; (ii) state, for the Class Member, all purchases of Galena shares

during the Class Period, including the number and price of the shares purchased and the date of

each purchase, the number and price of shares sold during the Class Period; (iii) be accompanied

by adequate documentation to demonstrate the transaction(s) reported therein, in the form of

broker confirmation slips, broker account statements, an authorized statement from the broker

containing the transactional information found in a broker confirmation slip, or such other

documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (iv) be

executed under penalty of perjury; and (v) be accompanied, if the person executing the Proof of

Claim and Release is acting in a representative capacity, by a certification of the executor's

current authority to act on behalf of the Class Member;

(c)    Once the Claims Administrator has considered a timely submitted Proof of Claim, Co-Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of Allocation, whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined; and

(d)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

16.    Class Members shall be bound by all determinations and judgments in the Action, regardless of whether they submit a valid and timely Proof of Claim and Release and are thereby entitled to share in the net proceeds of the Settlement, unless such Person(s) request exclusion from the Class in a timely and proper manner, as hereinafter provided:

(a)    A person eligible to be a Class Member, but who wishes to be excluded from the Class, may request exclusion by mailing the request in written form, by first class mail, postage prepaid, postmarked no later than twenty-one (21) calendar days before the Settlement Hearing to the Post Office Box address listed in the Notice. However, a Class Member may submit a written revocation of a Request for Exclusion up until two (2) calendar days prior to the date of the Settlement Hearing and receive payments pursuant to the Settlement Stipulation and Settlement, provided the Class Member also timely submits a valid Proof of Claim;

(b)    The request for exclusion shall clearly indicate the name and address of the person seeking exclusion and that the sender specifically requests to be excluded from the Class;

(c)    The request for exclusion shall be executed, under penalty of perjury, by the person requesting exclusion from the Class, and accompanied, if said person is acting in a

representative capacity, by a certification of the person's current authority to act on behalf of the person requesting exclusion from the Class;

(d)     The request for exclusion shall state, for the Class Member, all purchases of Galena common stock during the Class Period, including the number and price of the shares or options purchased and the date of each purchase, the number and price of shares sold during the Class Period and the date of each sale (or exercise of options); and

(e)     It shall also be requested that such persons provide their telephone number or other contact information.

The request for exclusion shall not be effective unless the potential Class Member provides the required information set forth in this ¶ 16, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.     Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Settlement as described in the Notice.

18.     The Court will consider objections by a Class Member to the Settlement, the Plan of Allocation, the request by Co-Lead Counsel for an award of attorney's fees and expenses, and any request by Lead Plaintiffs for a reimbursement award, only if the Class Member has timely submitted a complete, executed Proof of Claim and Release, including all documentation required by ¶ 15 of this Order. A potential Class Member who requests to be excluded from the Class shall not be able to submit an objection. Objections, by Class Members or any other authorized person or governmental entities, shall be submitted in accordance with the following procedures:

(a)     Objections must be filed with or mailed to the Court at the following address:

PAGE 9 – ORDER

Clerk of the Court
United States District Court for the District of Oregon
1000 S.W. Third Ave.
Portland, OR 97204

by no later than fourteen (14) calendar days before the Settlement Hearing and must contain a

statement of their, his, her or its objection(s);

(b)    Objections must state whether the objector is a Class Member; which part

of the Settlement the Class Member objects to; and the specific reason(s), if any, for each such

objection, including any legal support the Class Member wishes to bring to the Court's attention

and any evidence the Class Member wishes to introduce in support of such objection;

(c)    Objections must include a statement by the objector stating whether they,

he, she, or it will appear at the Settlement Hearing;

(d)    Objections must identify any witnesses the objector intends to call to

testify at the Settlement Hearing, and any exhibits the objector intends to introduce into evidence

at the Settlement Hearing; and

(e)    Objections must include a list of all class actions in which the objector has

filed an objection in the last five years, including the case name, the court where it was pending,

and docket number.

19.    Any objector, whether a Class Member or any other authorized person or

governmental entity, who does not object in the manner prescribed above shall be deemed to

have waived all such objections and shall forever be foreclosed from making any objection to the

fairness, adequacy, or reasonableness of the Settlement, the Plan of Allocation, the request by

Co-Lead Counsel for an award of attorney's fees and expenses, or any request by Lead Plaintiffs

for reimbursement awards.

PAGE 10 – ORDER

20.     The Court reserves the right to continue or adjourn the Settlement Hearing without any further notice other than an announcement before or at the Settlement Hearing, and to approve the Settlement without further notice to the Class.

21.     All papers in support of the Settlement, the Plan of Allocation, the request by Co-Lead Counsel for an award of attorney's fees and expenses, and any request by Lead Plaintiffs for reimbursement awards shall be filed and served twenty-eight (28) calendar days before the Settlement Hearing. Supplemental papers, including, but not limited to, a response to an objection or the information described in ¶ 12 above, shall be filed and served by Co-Lead Counsel seven (7) calendar days before the Settlement Hearing.

22.     In the event that the Settlement is not consummated pursuant to its terms, the Settlement Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any party, and each party shall be restored to his, her, or its respective position as it existed prior to the date of the Settlement.

23.     This Court retains jurisdiction over the Action to consider matters arising out of, or connected to, the Settlement.

**IT IS SO ORDERED**.

DATED this 16th day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge