IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **In re GALENA BIOPHARMA, INC. SECURITIES LITIGATION**, | Case No. 3:14-cv-367-SI (LEAD)<br><br>Associated cases:<br>3:14-cv-00389<br>3:14-cv-00410<br>3:14-cv-00435<br>3:14-cv-00558 |

## ORDER AND PARTIAL JUDGMENT

**Michael H. Simon, District Judge.**

This matter comes before the Court on Plaintiffs' Motion for an Order Granting Final Approval of Class Action Settlement (ECF 175) ("Final Approval Motion"). The Court held a final approval hearing on June 23, 2016, to determine: (1) whether the terms and conditions of the Amended Stipulation and Agreement of Settlement, ECF 170, (the "Stipulation" or "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiffs Kisuk Cho, Anthony Kim, Pantelis Lavidas, and Joseph Buscema (collectively, "Lead Plaintiffs") and Plaintiff Alan Theriault ("Theriault") (together with Lead Plaintiffs, the "Plaintiffs") against Galena Biopharma, Inc., Ryan M. Dunlap, Remy Bernarda, Rudolph Nisi, Sanford Hillsberg, Steven Kriegsman, Stephen Galliker, Richard Chin and Mark Ahn, and dismissed defendant Mark Schwartz (collectively the "Settling Defendants"); and (2) whether to

PAGE 1 – ORDER AND PARTIAL JUDGMENT

approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members.

To approve a class action settlement, a court must find that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012). The settlement must be considered as a whole, and although there are "strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure it is 'fair, adequate, and free from collusion.'" *Lane*, 696 F.3d at 818-19 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). A number of factors guide this review, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant;[1] and (8) the reaction of the class members to the proposed settlement. *Id.* at 819. Courts within the Ninth Circuit "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

Additionally, class action settlements involve "unique due process concerns for absent class members who are bound by the court's judgments." *Radcliffe v. Experian Info. Solutions Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013) (citation and quotation marks omitted). Where the settlement agreement is negotiated before formal class certification, as in this case, the district court should engage in "an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) . . . ." *Id.* (citation and quotation

---

[1] This factor is not relevant to the proposed settlement in this case.

PAGE 2 – ORDER AND PARTIAL JUDGMENT

marks omitted). Evidence of collusion may not be evident on the face of a settlement and a court should consider whether there is evidence of more subtle signs of collusion. *Staton v. Boeing Co.*, 327 F.3d 938, 958 n.12, 960 (9th Cir. 2003). Such evidence may include:

> (1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded," *Hanlon*, 150 F.3d at 1021; see *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006); *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000);
>
> (2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries "the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class," *Lobatz [v. U.S.W. Cellular of Cal., Inc.*], 222 F.3d [781,] 1148 [9th Cir. 2000]; see *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 524 (1st Cir. 1991) ("[L]awyers might urge a class settlement at a low figure or on a less-than-optimal basis in exchange for red-carpet treatment on fees."); and
>
> (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund, see *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir. 2004) (Posner, J.).

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

The Court has considered the Final Approval Motion, the Stipulation, the papers submitted in connection with the motion, the arguments of counsel, the response of Class Members to the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing ("Notice"), and the files, records, and proceedings in the above-captioned action ("Action"). The Court finds good cause to finally approve the Settlement and the Plan of Allocation. Plaintiffs' motion for attorney's fees and incentive awards is addressed in the Court's separate Opinion and Order Awarding Attorney's Fees.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation and in the Notice.

2.  The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Class Members, and the Settling Defendants.

3.  The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Class is being certified for settlement purposes only.

4.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies the claims in this action against the Settling Defendants. The Court certifies as the Class all persons or entities who purchased or otherwise acquired Galena common stock during the period from August 6, 2013, through and including May 14, 2014, and were damaged thereby. Excluded from the Class are:

    a.  the Settling Defendants;

    b.  all current and former directors and officers of Galena during the Class Period;

c. any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons or entities referenced above; and

d. those persons who file valid and timely requests for exclusion in accordance with the Court's Order Preliminarily Approving Settlement and Providing For Notice (ECF 172), a list of whom is attached to this Order as Exhibit A.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs are certified as the class representatives and Co-Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Co-Lead Counsel for the Class (or "Class Counsel").

6. The Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995 ("PSLRA")). The Court finds that notice of the Settlement and Plan of Allocation was given to Class Members by the best means practicable under the circumstances, including mailing the Notice to all reasonably identifiable Class Members by U.S. Mail, publishing the Summary Notice once on *Investor's Business Daily* on March 2, 2016 and once on GlobeNewsWire on March 3, 2016, and publishing the Notice, Securities Stipulation, and other relevant documents on the settlement website (www.galenasecuritieslitigation.com).

The Notice provided Class Members with all required information including, among other things: (1) a summary of the lawsuit and the claims asserted; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4) a description of the accepted loss per share for shares purchased and sold on various dates; (5) the requirement to

submit a claim form and instructions as to how they to do so and the deadline for doing so; (6) a description of the Plan of Allocation; (7) a disclosure of the release of claims should Class Members choose to remain in the Settlement Class; (8) an explanation of Class Members' opt-out rights, the date by which Class Members must opt out, and information regarding how to do so; (9) instructions about how to object to the Settlement and the deadline for Class Members to submit any objections; (10) the date, time, and location of the Final Approval Hearing; (11) the internet address for the settlement website and the toll-free number from which Class Members could obtain additional information about the Settlement; (12) the names of the law firms representing the Settlement Class, and contact information for the co-lead law firms; and (13) information regarding how Class Counsel and the named Class Representatives would be compensated. The Notice is sufficient. *See Lane*, 696 F.3d at 826 (reaffirming that a class notice need only "generally describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard" and that proper notice "does not require an estimate of the potential value of [the] claims" (citation and quotation marks omitted)); *Rodriguez*, 563 F.3d at 962 (holding that notice to the class is sufficient if it "describes the aggregate amount of the settlement fund and the plan for allocation" and stating that "[w]hile the Notice does not . . . analyze the expected value [of the claims], we do not see why it should").

No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully

discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Order and Partial Judgment except those persons listed on Exhibit A to this Order and Partial Judgment.

7. The Settlement is approved as fair, reasonable, and adequate, and in the best interests of the Class. Specifically, the Court finds that final approval of the Settlement is warranted, considering the following factors:

### a. Strength of Plaintiffs' case and the risk, expense, complexity, and likely duration of further litigation

Although the Court allowed many of Plaintiffs' claims to proceed past the motions to dismiss, there is a risk that their claims might not survive dispositive motions or might not prevail at trial. Of particular risk is that Plaintiffs would have to prove that Galena was the "maker" of the allegedly misleading statements made by agents or employees of Dream Team and Lidingo, as required by *Janus Capital Grp. v. First Derivative Traders*, 564 U.S. 135 (2011).

In addition to the risk of dismissal before trial or loss at trial, continued litigation would be expensive and time-consuming. There is a strong likelihood that class certification would be contested and that motions for summary judgment would be filed, requiring significant additional litigation. If claims proceeded beyond those motions, there could be trial and likely appeals. In short, the litigation would be protracted and expensive. Further, without a settlement, Galena's applicable insurance policy limits will continue to be depleted by defense costs and the available resources will likely be diminished. Thus, even if Plaintiffs prevail at trial, there may no longer be adequate financial resources to pay the resulting verdict.

### b. The amount offered in settlement

The Securities Stipulation requires Galena and its insurers to pay $20 million into a non-reversionary fund. After initial distribution as described in the Plan of Allocation, any monies

PAGE 7 – ORDER AND PARTIAL JUDGMENT

remaining shall be redistributed to Authorized Claimants and any remaining funds after that redistribution shall be donated to a non-profit organization designated by Class Counsel. No funds shall revert back to Galena or its insurers.

The $20 million Settlement Fund is higher than the median recovery from all securities fraud class actions in 2015, which was $6.1 million. *See* Cornerstone Research's *Securities Class Action Settlements: 2015 Review and Analysis*, *available at* ECF 177-2. Additionally, the Settlement amount is more than 12 percent of the Class's total damages as estimated by Plaintiffs ($166.3 million) and 50 percent of the Class's total damages as estimated by Settling Defendants (less than $40 million).

No objections were raised challenging the sufficiency of the amount offered in settlement. Considering the total recovery of the Settlement and the risks of continued litigation, the Court finds the amount of recovery, whether 12 percent or 50 percent of maximum potential recovery, to be fair, adequate, and reasonable. *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 241 (3d Cir. 2001) (noting that typical recoveries in securities class actions range from 1.6% to 14% of total losses); *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1346 (S.D. Fla. 2011) (finding that "standing alone, nine percent or higher constitutes a fair settlement even absent the risks associated with prosecuting these claims"); *In re OmniVision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement amount of nine percent of maximum potential damages).

### c. The extent of discovery completed

Some discovery has been taken and Class Counsel conducted a detailed investigation into the merits of Plaintiffs' claims and sufficiency of the Settlement. "[I]n the context of class action settlements, formal discovery is not a necessary ticket to the bargaining table where the parties have sufficient information to make an informed decision about settlement." *In re Mego Fin.*

PAGE 8 – ORDER AND PARTIAL JUDGMENT

*Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quotation marks omitted). The Court finds that the Settling Parties had sufficient information to make an informed decision and thus this factor supports approving the settlement.

### d. The experience and views of counsel

Class Counsel are experienced class action litigators. The Settling Defendants are also represented by experienced counsel. This factor supports final approval. *See In re MRV, Inc. Derivative Litig.*, 2013 WL 2897874, at *5 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." (quotation marks omitted)).

### e. The reaction of Class Members

The extremely positive reaction of Class Members further demonstrates that the Settlement is fair and reasonable. *See, e.g.*, *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Nat'l Rural Telecomms. Coop. v. Direct TV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement . . . are favorable to class members.").

More than 74,000 Notices were sent to Class Members. Only two Class Members with recognized losses[2] opted out of the Settlement and no Class Member objected to any aspect of the settlement. This provides a strong presumption that the Settlement is fair, reasonable, and adequate. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1343 ("[N]ear unanimous approval of the proposed settlement[] by the class members is entitled to nearly

---

[2] There were eight opt-out requests submitted from seven potential Class Members, but only two were from Class Members with recognized losses.

dispositive weight in this court's evaluation of the proposed settlement[]." (quotation marks omitted)); *In re Apple Inc. Sec.Litig.*, 2011 WL 1877988, at *3 (N.D. Cal. May 17, 2011) ("The small number of objections raises a strong presumption that the settlement is favorable to the class."); *OmniVision*, 559 F. Supp. 2d at 1043 ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."). Thus, this factor weighs in favor of approval.

### f. The absence of collusion or other conflicts of interest

The Court finds that the Settlement is the product of an arm's-length negotiation, with assistance from an experienced mediator, the Honorable Layn R. Phillips, U.S. District Judge (Retired), in multiple mediation sessions. There is no evidence of collusion or any other conflict of interest. Moreover, none of the three "subtle" signs of collusion are present here—Class Members are to receive significant monetary benefits that are not disproportionately low compared to the requested attorney's fee award, the payment of attorney's fees is not separate from class funds, and the Settlement Fund is non-reversionary.

8. Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

9. The Action and the Consolidated Complaint are dismissed with prejudice, and without costs, as to the Settling Defendants.

10. Plaintiffs and the Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, are deemed to have released and forever discharged the Settling Defendants' Released Parties from any and all Released Plaintiffs' Claims.

11. Plaintiffs and the Class Members, and anyone acting or purporting to act for any of them, are permanently and forever enjoined from prosecuting, attempting to prosecute, or

assisting others in the prosecution of the Released Plaintiffs' Claims against the Settling Defendants' Released Parties.

13. The Settling Defendants and their Released Parties, including any and all of their respective successors in interest or assigns, are deemed to have released and forever discharged any and all Released Settling Defendants' Claims against the Plaintiffs, any of the Class Members and any of their counsel, including Class Counsel and any counsel working under Class Counsel's direction.

13. To the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation, any person or entity is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any and all claims against the Settling Defendants' Released Parties, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, misrepresentation, and negligence) where the alleged injury to the claimant is claimant's alleged liability to Class Members arising out of or related in any way to the claims or allegations in the Action, including any amounts agreed to be paid to the Class Members in settlement (whether in cash or any other form of consideration), whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere.[3]

---

[3] If any non-settling Defendant, including any DreamTeam Defendant, asserts a claim in the future for attorney's fees or defense costs incurred in this Action under a theory of contribution, indemnity, or otherwise against any Settling Defendant, including Galena, that claim shall be barred by this Paragraph 13 if and only if such a bar is required under the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A)(i). The Court declines at this time to decide whether the PSLRA would or would not bar such a claim. *See* Paragraph 15, *infra*.

PAGE 11 – ORDER AND PARTIAL JUDGMENT

14. To the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation, Settling Defendants' Released Parties are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any and all claims against any person whose liability has not been extinguished by the settlement (including, for the avoidance of doubt, any non-settling Defendants), however styled (whether for indemnification or contribution or otherwise denominated including, without limitation, claims for breach of contract, misrepresentation, and negligence) where the alleged injury to the claimant is claimant's alleged liability to Class Members arising out of or related in any way to the claims or allegations in the Action, including any amounts agreed to be paid to the Class Members in settlement (whether in cash or any other form of consideration), whether arising under state, federal, or foreign law as claims, crossclaims, counterclaims, or third-party claims, in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere.

15. The objection raised by non-settling Defendants Michael McCarthy and The DreamTeam Group LLC (collectively, "DreamTeam Defendants") to the release set forth in Paragraph 13 above is overruled. DreamTeam Defendants object that the release of claims in Paragraph 13 is too broad. Specifically, DreamTeam Defendants argue that the release contained in Paragraph 13 might be interpreted as releasing more than is required under the PSLRA; namely, their potential claims against Galena for indemnification or contribution for attorney's fees or defense costs incurred in defending this Action. DreamTeam Defendants request that the Court add to paragraph 13 a sentence expressly preserving the right of DreamTeam Defendants to recover attorney's fees or defense costs against Galena. ECF178. In response, Galena argues that any claim by DreamTeam Defendants against any Settling Defendant, including Galena, for

attorney's fees or defense costs incurred in this Action would be barred under the PSLRA, specifically 15 U.S.C. §78-u(f)(7)(A)(i). ECF 182. Galena further argues that because no such claim has been asserted yet by any DreamTeam Defendant, this issue is not ripe for resolution. *Id.* DreamTeam Defendants' objection is overruled and their request to add additional text to the release contained in Paragraph 13 is denied. The release set forth in Paragraph 13 on this point is intended to be co-extensive with the requirements of the PSLRA. Specifically, if any claim for attorney's fees or defense costs incurred in defending this Action is asserted in the future against Galena or any other Settling Defendant by any DreamTeam Defendant, that claim is barred if and only if such a bar is required under the PSLRA, 15 U.S.C. §78-u(f)(7)(A)(i). Further, the Court expressly declines at this time to decide whether the PSLRA would or would not bar such a claim, if one were to be asserted in the future.

16. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members.

17. Neither this Order and Partial Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    a.    referred to or used against the Released Parties, or any of them, as evidence of wrongdoing by anyone;

    b.    construed against the Released Parties, or any of them, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    c.    construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that

damages recoverable under the Consolidated Complaint would not have exceeded the Settlement; or

        d.    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

18.    The Court retains jurisdiction for matters relating to the Settlement.

19.    Without further order of the Court, Plaintiffs and the Settling Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.    There is no just reason for delay in the entry of this Order and Partial Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21.    Pursuant to Section 21D(c)(1) of the PSLRA, this Court hereby finds that each Party and its respective counsel has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all pleadings and motions related to the Released Plaintiffs' Claims, and that insofar as it relates to the Released Plaintiffs' Claims, the Action was not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

22.    Any order approving or modifying the Plan of Allocation, Co-Lead Counsel's application or award of attorneys' fees and expenses, or Plaintiffs' application or award for reimbursement of costs and expenses, shall not disturb or affect the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

23. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Partial Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed (except as set forth in the Stipulation itself) and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

24. Nothing in this Order and Partial Judgment shall preclude any action to enforce the terms of the Stipulation.

DATED this 24th day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

*In re GALENA BIOPHARMA, INC. SECURITIES LITIGATION*
Case No. 3:14-cv-00367-SI (LEAD)

**COURT'S ORDER AND PARTIAL JUDGMENT**

**EXHIBIT A**

Securities Action Exclusion Requests

1. Donny Griffin
   Kansas City, MO

2. Dwight L. Tyrrell
   Belmond IA

3. Jack Genberg
   New York, NY

4. Jason Neiss
   Reading, PA

5. Jerome E. Speegle, Rollover IRA
   Mobile, AL

6. Jerome E. Speegle
   Mobile, AL

7. Pamela T. Shukis
   Cumming, GA

8. Robert Lavington
   Emporia, KS