Jeffrey Ratliff
rgilbertson@qwestoffice.com
**RANSOM GILBERTSON MARTIN
& RATLIFF, LLP**
1500 NE Irving Street, Suite 412
Portland, Oregon 97232
Tel: 503-226-3664
*Liaison Counsel for Plaintiffs*

Leigh Handelman Smollar
lsmollar@pomlaw.com
Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
**POMERANTZ LLP**
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

Jeremy A. Lieberman
jalieberman@pomlaw.com
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
Tel: 212-661-1100

Laurence M. Rosen
lrosen@rosenlegal.com
Phillip Kim
pkim@rosenlegal.com
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
Tel: 212-686-1060
*Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE GALENA BIOPHARMA, INC. SECURITIES LITIGATION, | CASE No.:3:14-cv-00367-SI<br><br>REPORT OF PARTIES' RULE 26 PLANNING MEETING |

# INITIAL REPORT OF PARTIES DISCOVERY PLANNING CONFERENCE

Pursuant to Local Rule 26-1, the Parties submit this written report of their initial Rule 26 conference, addressing the items listed on Form 52 of the Federal Rules of Civil Procedure. This plan is also a scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure.

## I.     Rule 26(f) Conference

The following persons participated in a Rule 26(f) conference on July 5, 2016, telephonically:

Jonathan Horne
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, NY 10016
Facsimile: (212) 202-3827
Tel: 212-686-1060
jhorne@rosenlegal.com

*One of Co-Lead Counsel for Plaintiffs*

Edward Gartenberg
**GARTENBERG GELFAND HAYTON LLP**
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Telephone: (213) 542-2100
Facsimile: (213) 542-2101

*Attorneys for Defendants*
*Lidingo Holdings, LLC and Kamilla Bjorlin*

Ciaran Patrick Ahern Connelly
**BALL JANIK LLP**
101 SW Main Street, Suite 1100
Portland, OR 97204
Telephone: (503) 944-6010
Facsimile (503) 295-1058

*Attorneys for Defendants Michael*
*McCarthy and The DreamTeam*
*Group, LLC*

1

**II.     Initial Disclosures.**  Plaintiffs and non-settling Defendants Lidingo Holdings, LLC, Kamilla Bjorlin, Michael McCarthy and The DreamTeam Group, LLC (collectively, the "Defendants", and with Plaintiffs, the "Parties") have already completed initial disclosures.

**III.    Discovery Plan.** The parties propose the following discovery plan:

1. Discovery will be needed on the following subjects:
    i. Whether the Defendants made false and misleading statements during the Class Period;

    ii. Whether the Defendants omitted to disclose material information to investors during the Class Period;

    iii. Whether the alleged false and misleading statements were material;

    iv. Whether the Defendants employed a scheme to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged in the Consolidated Amended Complaint in an effort to assure investors of Galena's revenue, income, value and performance and continued substantial growth during the Class Period;

    v. Whether the alleged false and misleading statements and omissions were made with scienter;

    vi. Whether such statements proximately caused the losses suffered by the Class;

    vii. The extent of injuries sustained by members of the Class and the appropriate measure of damages;

    viii. Whether a Class should be certified;

    ix. Whether the Individual Non-Settling Defendants are control persons within the meaning of Section 20(a) of the Securities Exchange Act of 1934;

    x. Whether Lead Plaintiffs or other members of the Class relied on any of the alleged misstatements or omissions; and

      xi. Whether there was an efficient market for Galena securities during the Class Period.

2. Disclosure or Discovery of Electronically Stored Information ("ESI")

    i. Any documents or other responsive items existing as electronically stored information shall be produced in their native format and in "TIFF image" format, with all metadata and full text extracted to a linked electronic file unless undersigned counsel agree in writing to an alternative form.

    ii. The parties' rolling production will begin thirty (30) days after service of document requests. Notwithstanding the above, the Parties are not obligated to begin producing documents until after the Court has entered a protective order. Document production will be substantially completed by October 21, 2016.

3. Protective Order.

The parties anticipate moving for the entry of a general protective order as well as an ESI stipulation by July 15, 2016.

4. Discovery Schedule

    a. Fact Discovery

        i. All fact discovery shall be completed no later than January 20, 2017. The parties believe that as a securities class action, the above-captioned litigation presents unique complexities warranting a fact discovery period exceeding 120 days.

        ii. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34, have been served.

        iii. Initial Interrogatories pursuant to Fed. R. Civ. P. 33, have been served.

        iv. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by January 20, 2017.

        v. Initial requests to admit pursuant to Fed. R. Civ. P. 36, have been served.

3

      vi. Any of the deadlines in paragraphs 4(a)(i)-4(a)(v) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 4(a)(i).

  b. <u>Other Issues Related to Discovery</u>

      i. The parties are not yet aware of any discovery issues and will attempt in good faith to resolve any discovery disputes between the parties before seeking Court intervention.

      ii. The parties do not anticipate possible limitations on document preservation.

      iii. The parties do not anticipate the possibility of a stay or limitation of discovery pending a motion for class certification or motion for summary judgment.

      iv. The parties do not anticipate limitations on timing and sequence of discovery.

      v. The parties do not anticipation limitations on restoration of electronically-stored information.

      vi. The parties agree to allow depositions of trial witnesses named if not already deposed.

5. Class Discovery and Briefing on Any Motions for Class Certification

  a. Motion for Class Certification to be filed by September 2, 2016.

  b. Depositions of Plaintiffs' class certification experts to be completed by September 30, 2016.

  c. Briefs in opposition to Class Certification to be filed by October 14, 2016.

  d. Depositions of Defendants' class certification experts to be completed by November 11, 2016.

  e. Any reply to class certification to be filed by December 2, 2016.

6. Expert Discovery

    a. Anticipated Experts
       The Plaintiffs anticipate expert testimony will be required for issues regarding: (a) damages and causation; (b) efficiency of the market for Galena Securities (for purposes of class certification).
       Defendants anticipate expert testimony on these same topics, and potentially on additional topics which Defendants will identify, promptly after determining the need for such expert testimony.

    b. The parties will supply merits expert reports on claims or defenses on which they bear the burden of proof no later than January 13, 2017.

    c. The parties shall exchange any responsive merits experts reports no later than February 3, 2017.

    d. Merits expert depositions to be completed by February 24, 2017.

    e. All expert discovery shall be completed by February 24, 2017.

7. Joinder of Additional Parties must be accomplished by August 5, 2016.

8. Amended Pleadings without leave of Court may be filed until August 5, 2016. Thereafter, amended pleadings may be filed with leave of Court only upon good cause shown.

9. Motions for Summary Judgment

    a. Motions for Summary Judgment shall be filed by March 17, 2017; responsive briefs to be filed by April 7, 2017; any reply to be filed by April21, 2017.

Other Items

10. Requested Date for Pretrial Conference-date to be discussed at future status conference at the close of discovery.

11. Prospects of Settlement- Plaintiffs and Defendants will explore settlement at appropriate times.

12. The Parties do not consent to conducting proceedings before a United States Magistrate Judge.

13. Trial to be scheduled at a time convenient to the Court in July 2017.

Dated: July 7, 2016                              Respectfully submitted,


/s/ *Leigh Handelman Smollar* (pro hac vice)
**POMERANTZ LLP**
Patrick V. Dahlstrom
Leigh Handelman Smollar
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel:  (312) 377-1181

POMERANTZ LLP
Jeremy A. Lieberman (pro hac vice)
600 Third Avenue, 20th Floor
New York, NY 10016
Tel: 212-661-1100

-and-

/s/  Phillip Kim (pro hac vice)
THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen (pro hac vice)
Phillip Kim (pro hac vice)
275 Madison Avenue, 34th Floor
New York, NY  10016
Phone: (212) 686-1060
Fax: (212) 202-3827

Co-Lead Counsel for Plaintiffs


RANSOM, GILBERTSON, MARTIN &
RATLIFF, L.L.P.
Jeffrey Ratliff
1500 NE Irving Street, Suite 412
Portland, Oregon 97232
Tel: 503-226-3664

 Liaison Counsel for Lead Plaintiffs and the Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

DATED**:**  July 7, 2016

/s/ Phillip Kim