Jeffrey Ratliff
rgilbertson@qwestoffice.com
**RANSOM GILBERTSON MARTIN**
**& RATLIFF, LLP**
1500 NE Irving Street, Suite 412
Portland, Oregon 97232
Tel: 503-226-3664
*Liaison Counsel for the Class*

Patrick V. Dahlstrom
Leigh Handelman Smollar
pdahlstrom@pomlaw.com
lsmollar@pomlaw.com
**POMERANTZ LLP**
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184

Laurence M. Rosen
lrosen@rosenlegal.com
Phillip Kim
pkim@rosenlegal.com
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
Tel: 212-686-1060

*Co-Class Counsel*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| IN RE GALENA BIOPHARMA, INC. SECURITIES LITIGATION, | CASE No.:3:14-cv-00367-SI<br><br>**REMAINING DEFENDANTS' STIPULATION OF SETTLEMENT** |

This Stipulation and Agreement of Settlement (the "Settlement Stipulation", or "Remaining Defendants Stipulation", where necessary for clarity), dated May __, 2017, is submitted in the above-captioned Action pending in the United States District Court for the District of Oregon.  Subject to the approval of the Court, this Settlement Stipulation is made and entered into by and among (a) Class Representatives Kisuk Cho, Anthony Kim, Pantelis Lavidas, and Joseph Buscema ("Plaintiffs"), and (b) Defendants The DreamTeam Group, LLC, together with MissionIR and all of their parents, subsidiaries, affiliates, predecessors-in-interest, successors-in-interest, current or former directors, officers, owners, members, employees, attorneys, accountants, insurers, agents, representatives, principals, assigns, subrogees, stockholders, partners, trustees, heirs, beneficiaries, servants, all persons claiming rights derivatively from them, and all other persons or entities otherwise affiliated with or related to DreamTeam Group LLC or MissionIR ("DreamTeam"), Michael McCarthy ("McCarthy"), Lidingo Holdings, LLC ("Lidingo") and Kamilla Bjorlin ("Bjorlin, "and with DreamTeam, McCarthy, and Lidingo, the "Remaining Defendants," and with Plaintiffs, the "Settling Parties"), through their respective counsel of record in the Action.  The parties to this Settlement Stipulation (including the Plaintiffs and the Remaining Defendants) shall collectively be referred to as the "Settling Parties."

This Settlement Stipulation is intended by the Parties to fully, finally and forever compromise, resolve, discharge, release and settle the Released Plaintiffs' Claims (as defined herein), and to dismiss this Action against the Remaining Defendants with prejudice, upon the terms and subject to the conditions set forth below without any admission or concession as to the merits of any claim or defense by the Parties.

WHEREAS, on March 5, 2014, a putative class action complaint alleging violations of

Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 was filed in this Court against Galena Biopharma, Inc., Mark J. Ahn, Ryan M. Dunlap, and Mark W. Schwartz styled *Deering v. Galena Biopharma Inc. et al*, 11-cv-00367-SI (D. OR.) ("*Deering*"), on behalf of all persons who purchased or otherwise acquired Galena common stock between November 6, 2013 and February 14, 2014;

WHEREAS, following the filing of *Deering*, the following securities class actions were filed against, *inter alia*, defendants Galena, Ahn, Dunlap, and Schwartz (with *Deering*, the "Securities Actions"):

- *Hau v. Galena Biopharma, Inc. et al*, 14-cv-00389-SI (D. OR. March 10, 2014);

- *Clavijo v. Galena Biopharma, Inc. et al*, 14-cv-00410-SI (D. OR. March 12, 2014);

- *Jang v. Galena Biopharma, Inc. et al*, 14-cv-00435-SI (D. OR. Mar. 17, 2014); and

- *Baya v. Galena Biopharma, Inc. et al*, 14-cv-558-SI (D. OR. Apr. 4, 2014).

WHEREAS, several actions brought derivatively in the name of Galena were filed against certain of the Galena Defendants in this Court, Oregon state court, and the Delaware Court of Chancery over certain of the alleged misconduct giving rise to the claims in the Securities Actions (the "Derivative Actions");

WHEREAS, on May 5, 2014, pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), Plaintiffs, among other competing movants, filed a motion (the "Lead Plaintiff Motion") for consolidation of the Securities Action, for appointment as lead plaintiffs in this case and for the Court's approval of their choice of counsel, The Rosen Law Firm, P.A., and Pomerantz, LLP, as lead counsel and Ransom, Gilbertson, Martin & Ratliff, LLP as liaison counsel;

WHEREAS, on October 3, 2014, the Court granted the Plaintiffs' Motion in full, consolidating the Securities Actions into the action re-styled *In re Galena Biopharma, Inc.*

*Securities Litigation*, Case No. 3:14-cv-00367-SI;

WHEREAS, on October 31, 2014, Plaintiffs and additional representative plaintiff Theriault filed their Consolidated Class Action Complaint For Violations of the Federal Securities Laws (the "Consolidated Complaint") against the Remaining Defendants, as well as Defendants Galena Biopharma, Inc., Mark J. Ahn, Ryan M. Dunlap, Remy Bernarda, Steven Kriegsman, Richard Chin, Stephen S. Galliker, Rudolph Nisi, Sanford J. Hillsberg, and dismissed defendant Mark W. Schwartz (collectively, the "Galena Defendants," and with the Remaining Defendants, the "Defendants"), on behalf of an expanded class consisting of all persons who purchased or otherwise acquired Galena's common stock between August 6, 2013 and May 14, 2014, inclusive (the "Class", and the "Class Period");

WHEREAS, on January 9, 2015, the Galena Defendants filed three Motions to Dismiss the Consolidated Complaint;

WHEREAS, on March 6, 2015, Plaintiffs filed their Omnibus Opposition to the Galena Defendants' Motions to Dismiss;

WHEREAS, on April 3, 2015, the Galena Defendants filed their Replies in further support of their Motions to Dismiss;

WHEREAS, on April 28, 2015, the Court heard oral arguments on the Galena Defendants' Motions to Dismiss;

WHEREAS, on May 12, 2015, the Remaining Defendants filed their Motions to Dismiss the Consolidated Complaint;

WHEREAS, on May 27, 2015, Plaintiffs filed their Opposition to the Remaining Defendants' Motions to Dismiss;

WHEREAS, on June 9, 2015, and June 10, 2015, the Remaining Defendants filed their

Replies in further support of their Motions to Dismiss;

WHEREAS, on August 8, 2015, the Court entered an order granting in part and denying in part the Remaining Defendants' Motions to Dismiss, dismissing all claims against Mark Schwartz, and granting Plaintiffs leave to amend;

WHEREAS, on September 29, 2015, Plaintiffs informed the Court that they would not file an amended complaint;

WHEREAS, in February 2016, Plaintiffs reached a resolution with the Galena Defendants that resolved all claims against the Galena Defendants in the Action on the terms and conditions set forth in the Stipulation of Settlement entered into by and between Plaintiffs and the Galena Defendants, dated February 1, 2016, as amended on or about February 10, 2016 (the "Galena Settlement"), which Settlement was finally approved by the Court on June 24, 2016;

WHEREAS, on December 12, 2016, the Court certified as the Class all persons or entities that purchased or otherwise acquired the publicly traded common stock of Galena Biopharma, Inc. ("Galena") from August 6, 2013, through and including May 14, 2014, and were damaged thereby. Excluded from the Class are: (a) The DreamTeam Defendants, Lidingo Defendants, and the former Defendants in this action; (b) all current and former directors and officers of Galena during the Class Period; (c) any family member, trust, company, entity, or affiliate controlled or owned by any of the excluded persons or entities referenced above; and (d) those persons who file valid and timely requests for exclusion. The Court also appointed Plaintiffs as Class Representatives and The Rosen Law Firm, P.A. and Pomerantz LLP as Co-Class Counsel;

WHEREAS, in the fall of 2016, Plaintiffs and the Remaining Defendants conducted settlement negotiations by telephone and email, including the provision to Plaintiffs of the Remaining Defendants' financial information and insurance coverage;

WHEREAS, on March 16, 2017, Plaintiffs and Defendants DreamTeam and McCarthy executed a Memorandum of Understanding (the "DreamTeam MOU") providing for a settlement of the Settling Plaintiffs' claims, individually and on behalf of the Class, against Defendants DreamTeam and McCarthy;

WHEREAS, on March 16, 2017, Plaintiffs and Defendants Lidingo and Bjorlin executed a Memorandum of Understanding (the "Lidingo MOU") providing for a settlement of the Plaintiffs' claims, individually and on behalf of the Class, against Defendants DreamTeam and McCarthy;

WHEREAS, the Settlement set forth in this Settlement Stipulation is the product of extensive, arm's-length settlement negotiations;

WHEREAS, while Plaintiffs and their counsel believe they can prove that the Remaining Defendants committed acts and/or omissions that subject them to liability under the federal securities laws, they nevertheless enter into this Settlement to obtain the significant benefits the Settlement will provide while, at the same time, eliminating the uncertainties, burden, risk, and expense of further litigation of the Action, and mindful of problems of proof of, and possible defenses to, the federal securities law violations asserted in the Action, including, but not limited to, proof of the Remaining Defendants' state of mind, causation, and damages. Based on their evaluation, Plaintiffs and Co-Class Counsel have concluded that the terms and conditions of this Settlement Stipulation confer substantial immediate benefits upon the Class, are fair, reasonable and adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Action pursuant to the terms and provisions of this Settlement Stipulation;

WHEREAS, while the Remaining Defendants have denied, and continue to deny, all allegations of wrongdoing, fault, liability or damage to Plaintiffs and the Class and would have

continued to resist vigorously Plaintiffs' claims and would have continued to assert defenses thereto, the Remaining Defendants are, nevertheless, entering into this Settlement solely to eliminate the uncertainties, burden, risk and expense of further litigation; this Settlement Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Remaining Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Remaining Defendants have asserted, or could have asserted, in the Action;

WHEREAS, without admitting the strengths or weaknesses of any claims or defenses, the Settling Parties have agreed to the Settlement set forth herein;

NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED, among Plaintiffs, on behalf of themselves and each of the other Class Members, by and through their duly authorized counsel, and the Remaining Defendants, by and through their duly authorized counsel, that subject to the approval of the Court, this Action against the Remaining Defendants hereby will be settled, compromised, and dismissed on the merits with prejudice, on the terms and conditions set forth in this Settlement Stipulation dated as of May __, 2017.

## I.    DEFINITIONS

1.    As used in this Settlement Stipulation and the exhibits annexed hereto, the following terms have the following meanings unless this Settlement Stipulation or an exhibit provides otherwise, and in addition to the terms defined in the Recitals to this Settlement Stipulation:

(a)    "Action" means the above-captioned action styled *In re Galena Biopharma, Inc. Securities Litigation*, Case No. 3:14-cv-00367-SI, pending in the United States District Court for the District of Oregon.

(b)    "Authorized Claimant" means any Settlement Class Member who submitted a

timely and valid Proof of Claim Form to the Claims Administrator in the Galena Settlement or submits a timely and valid Proof of Claim Form in this Settlement.

(c)    "Business Day" means any day except a Saturday or Sunday or other day on which national banks are authorized by federal law to be closed.

(d)    "Claimant" means any person who submitted a valid and timely claim in the Galena Settlement and any person who submits a valid and timely claim in this Settlement.

(e)    "Claims Administrator" means KCC Class Action Services, which shall administer the Settlement.

(f)    "Class Member" means a member of the Class.

(g)    "Class Notice and Administration Escrow Fund" means the funds deposited into the Class Notice and Administration Fund Escrow Account to pay Class Notice and Administration Expenses.

(h)    "Class Notice and Administration Fund Escrow Account" means an interest bearing escrow account established by the Claims Administrator to receive funds for the payment of Class Notice and Administration Expenses.

(i)    "Class Notice and Administration Expenses" means all reasonable costs associated with providing notices to the Class and the administration of the Settlement, including, without limitation, the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the administration and notice of the settlement upon presentation of customary invoices therefor.

(j)    "Court" means the United States District Court for the District of Oregon.

(k)    "Court of Appeals" means the United States Court of Appeals for the Ninth Circuit.

(l)    "Effective Date" has the meaning set forth in Paragraph [47].

(m)    "Escrow Accounts" mean, collectively, the Class Notice and Administration Fund Escrow Account and the Settlement Fund Escrow Account.

(n)    "Escrow Agent" means Huntington Bank.

(o)    "Exchange Act" means the Securities Exchange Act of 1934, as amended.

(p)    "Execution Date" means the date on which this Settlement Stipulation has been executed by all Parties.

(q)    "Fee and Expense Award" means such amounts as may be awarded by the Court to Co-Class Counsel to be paid from the Settlement Fund to compensate Co-Class Counsel for its efforts on behalf of the Class and reimburse it for its expenses in connection with their prosecution of this Action, which may include some or all of the following:  (i) an award of attorneys' fees, (ii) reimbursement of expenses incurred in connection with prosecuting the Action, including, without limitation, expenses attributable to experts and/or consultants retained by Co-Class Counsel, and (iii) interest on such attorneys' fees and expenses at the same rate as earned by the Settlement Fund Escrow Account, from the date the Court orders such award until the dates paid from the Settlement Fund Escrow Accounts.

(r)    "Final," with respect to any Court order, including but not limited to the Judgment, means (i) the date of final affirmance of the Judgment in its entirety on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment in its entirety following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing of any appeal from the Court's Judgment approving the Settlement.

(s)    "Gross Settlement Fund" means the fund described in Paragraph [3] of this Settlement Stipulation.

(t)    "Immediate Family" shall mean spouse, domestic partner, parents, grandparents, children, grandchildren, uncle or aunt.

(u)    "Judgment" means the proposed Judgment and Order of Dismissal with Prejudice to be entered by the Court approving the Settlement, substantially in the form annexed hereto as Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

(v)    "Net Settlement Fund" has the meaning set forth in Paragraph [5] of this Settlement Stipulation.

(w)    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, which was previously sent Class Members pursuant to the Preliminary Approval Order for the Galena Settlement.

(x)    "Parties" means Plaintiffs, both in their individual capacities and as representatives of the Class, and the Remaining Defendants.

(y)    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government entity or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

(z)    "Plaintiffs" means all Class Members, including Plaintiffs, both in their individual capacities and as representatives of the Class.

(aa)    "Plaintiffs' Released Parties" shall mean Plaintiffs, and/or their respective families,

associates, affiliates, and each and all of their respective past and present employees, attorneys (including, but not limited to Co-Class Counsel), accountants, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Plaintiffs have a controlling interest or which is related to or affiliated with Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Plaintiffs' Released Parties were named, served with process or appeared in the Action.

(bb)    "Plan of Allocation" means the plan described in the notice previously approved by the Court to be utilized for distribution of the Net Settlement Fund to Authorized Claimants in a manner consistent with the terms of this Stipulation and prior stipulations in connection with the Galena Settlement.

(cc)    "Preliminary Approval Order" means the Order to be entered by the Court preliminarily approving the Settlement and providing for notice, substantially in the form annexed hereto as Exhibit A.

(dd)    "Proof of Claim" means the form that was mailed to Class Members with the Notice in the Galena Settlement and pursuant to which Class Members submit a claim by completing, signing, dating, and returning it to the Claims Administrator in accordance with the procedures set forth therein.

(ee)    "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing, substantially in the form attached as Exhibit 3 to Exhibit A, which is to be published pursuant to the Preliminary Approval Order.

(ff)    "Qualified Settlement Fund" means a fund within the meaning of Treasury

Regulations § 1.468B-1.

(gg)    "Released Parties" means the Plaintiffs' Released Parties and the Remaining Defendants' Released Parties.

(hh)    "Released Plaintiffs' Claims" means any and all claims (including "Unknown Claims" as defined in Paragraph (ss) below) which were alleged or could have been alleged by Plaintiffs or the Settlement Class in the Action or in any other proceeding against the Remaining Defendants, or any other of the Remaining Defendants' Released Parties, arising from or in any way relating to the matters or occurrences that were alleged in the Action, the structure of the Settlement including the use of Company funds or common stock of Galena to pay the Settlement, or relating to the acquisition, sale, or retention of Galena Biopharma, Inc. common stock during the Class Period.  Provided, however, that the term "Released Plaintiffs' Claims" shall not include either claims to enforce the Settlement or claims brought in any of the Derivative Actions. Further excluded from the "Released Plaintiffs' Claims" are the claims brought in the individual action styled *Hosie Kenneth Riley v. Galena Biopharma, Inc., et. al.*, 3:15-cv-01748-AC (D. Or.).

(ii)    "Released Remaining Defendants' Claims" means all claims, demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, that could have been brought heretofore or in the future against Plaintiffs, Co-Class Counsel and their Released Parties, arising out of the institution, prosecution, settlement or resolution of the Action, provided however, that Remaining Defendants and Remaining Defendants' Released Parties shall retain the right to enforce the terms of this Settlement Stipulation.

(jj)    "Settlement" means the settlement contemplated by this Settlement Stipulation.

(kk)    "Settlement Amount" means $165,000 (one hundred and sixty five thousand dollars) to be paid in accordance with Paragraph [2] hereof.

(ll)    "Settlement Fund" means the monies deposited into the Settlement Fund Escrow Account, the Settlement Stock issued in accordance with Paragraph [2] hereof, and any residual monies held in the Class Notice and Administration Fund Escrow Account, and any interest or income earned thereon.

(mm)   "Settlement Fund Escrow Account" means an interest bearing escrow account established by the Escrow Agent to receive the amounts of funds payable pursuant to Paragraph [2] of this Settlement Stipulation.

(nn)    "Settlement Hearing" shall have the meaning set forth at Paragraph [23], as contemplated by the Preliminary Approval Order annexed hereto as Exhibit A.

(oo)    "Settlement Stipulation" means this Stipulation and Agreement of Settlement and its accompanying exhibits, including any subsequent amendments thereto and any exhibits to such amendments.

(pp)    "Remaining Defendants' Counsel" means Ball Janik LLP, Dickinson Wright PLLC, and Gartenberg Gelfand Hayton LLP.

(qq)    "Remaining Defendants' Released Parties" means Remaining Defendants and all entities owned, affiliated with or controlled by them, their parents, subsidiaries, divisions, joint ventures, all current and former Galena directors, officers and employees, and each of their and Remaining Defendants' respective agents, employees, members, consultants, insurers, attorneys, advisors, successors, heirs, assigns, executors, personal representatives, marital communities and immediate families, or any trust of which any Defendant is the settler or which is for the benefit

13

of any Defendant or member(s) of his or her family, and such other persons as may be identified in this Settlement Stipulation.

(rr)    "Supreme Court" means the Supreme Court of the United States.

(ss)    "Taxes and Tax Expenses" means (i) all taxes (including any estimated taxes, interest or penalties) on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the operation and implementation of the provision in Part III.C below and the taxation of the Gross Settlement Fund, including, without limitation, expenses of tax attorneys and/or accountants related to filing the tax returns described in Part III.C below.

(tt)    "Unknown Claims" means any and all Released Plaintiffs' Claims and Released Remaining Defendants' Claims of every nature and description that Plaintiffs, any Class Member, and the Remaining Defendants, and each and every one of them, does not know or suspect to exist in his, her or its favor as of the Effective Date that, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected his, her or its decision not to object to this Settlement. Upon the Effective Date, the Settling Parties shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in their or her favor at the time of executing the release, which if known by him or her must have materially affected their or her settlement with the debtor.

The Settling Parties shall expressly and each Class Member shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any U.S. federal or state law or principle of common law or otherwise that is similar, comparable or equivalent to California Civil Code § 1542. The Settling Parties and Class

Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' and the Released Remaining Defendants' Claims, but the Settling Parties and Class Members, upon the Effective Date, by operation of the Judgment shall have expressly, fully, finally and forever settled and released, any and all Released Plaintiffs' Claims and any and all Released Remaining Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## II.    THE GROSS SETTLEMENT FUND

2.    In consideration of the full and final settlement of the Released Plaintiffs' Claims, Defendants DreamTeam and McCarthy shall pay $100,000 (one hundred thousand dollars) and Defendants Lidingo and Bjorling shall pay $65,000 (sixty five thousand dollars) into the Settlement Fund Escrow Account within ten (10) Business Days after the Court enters a Preliminary Approval Order; provided, however, that the Escrow Agent shall have provided complete wire transfer instructions to the Remaining Defendants' Counsel at least three business days prior to the date of such payment.

3.    The Settlement Amount as specified in Paragraph [2], together with any interest earned thereon from the date of deposit into the Escrow Accounts, shall be the "Gross Settlement Fund" and shall be the full and sole monetary contribution made by or on behalf of the Remaining

Defendants' Released Parties in connection with the Settlement, including with respect to the payment of Class Notice and Administration Expenses as set forth in Paragraph [10], and without limiting the generality of the foregoing in any way, all Class Notice and Administration Expenses shall be paid out of the Gross Settlement Fund (including the Class Notice and Administration Escrow Fund). Except as otherwise provided in this Settlement Stipulation with respect to payment of the Fee and Expense Award from the Gross Settlement Fund, the Settling Parties shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary Court orders and approvals with respect to the same.

## III.   ADMINISTRATION OF THE GROSS SETTLEMENT FUND

### A.   The Escrow Agent

4.      Until such time as the Judgment becomes Final, the Escrow Agent shall invest the Settlement Amount held in the Escrow Accounts only in United States Treasury Bills with a maturity of ninety (90) days or less in an account held at a nationally recognized financial institution.  After the Judgment becomes Final, the Escrow Agent shall invest any funds in an interest bearing account insured by the Federal Deposit Insurance Corporation ("FDIC"). The Remaining Defendants' Released Parties shall not have any responsibility or liability whatsoever for investment decisions.  The Escrow Agent shall (a) bear all responsibility and liability for managing the Escrow Accounts and cannot assign or delegate its responsibilities without approval of the Settling Parties, and (b) bear all the risks related to investment of the Gross Settlement Fund held in the Escrow Accounts, and shall indemnify the Released Parties and hold them harmless from any losses arising from the investment or disbursement of any of such portion of the Gross Settlement Fund. The Remaining Defendants shall not have any supervisory or other authority with respect to the Escrow Accounts.

5.      The Gross Settlement Fund shall be used to pay (i) any Fee and Expense Award;

(ii) Class Notice and Administration Expenses; (iii) any Taxes and Tax Expenses; (iv) any Plaintiffs' Compensatory Awards; and (v) any other payment directed by the Court.  The balance of the Gross Settlement Fund (inclusive of interest earned) shall be the "Net Settlement Fund."

   **B.**  **Handling and Disbursement of Funds by the Escrow Agent**

   6.  No monies will be disbursed from the Settlement Fund until after the Effective Date except:

   (a)  To pay reasonable Class Notice and Administration Expenses as provided in Paragraph 10;

   (b)  To pay Taxes and Tax Expenses (as defined in Paragraph [16]) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the Escrow Agent without prior Order of Court; and

   (c)  To pay any Fee and Expense Award as provided in and pursuant to Paragraphs [39] and [40].

   7.  The Escrow Agent shall not use or disburse all or any part of the Settlement Fund held in the Escrow Accounts except as provided in this Settlement Stipulation, by an order of the Court, or with the written agreement of Remaining Defendants' Counsel and Co-Class Counsel. The Escrow Agent will provide statements of account on a monthly basis to Co-Class Counsel.

   8.  Subject to further order and/or direction as may be made by the Court or at the direction of Co-Class Counsel, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of this Settlement Stipulation.

   9.  All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time

as such funds shall be distributed pursuant to this Settlement Stipulation, the Plan of Allocation, and/or further order(s) of the Court, or returned to the Remaining Defendants' insurers or the Remaining Defendants in the event that this Settlement is not consummated or is terminated pursuant to the provisions of Part XI below.

10.     Within five (5) Business Days after payment of the Settlement Amount into the Settlement Fund Escrow Account, the Escrow Agent may deposit up to $20,000 from the Gross Settlement Fund into a Class Notice and Administration Fund Escrow Account. Monies deposited in the Class Notice and Administration Fund Escrow Account may be used by the Claims Administrator to pay Class Notice and Administration Expenses. After the Effective Date, any residual monies held in the Class Notice and Administration Fund Escrow Account upon the completion of notice and claims administration for the Settlement shall be transferred to the Settlement Fund Escrow Account. Any remaining reasonable and necessary Notice and Administration Expenses shall be paid out of the Settlement Administration and Escrow Accounts without further order of the Court.

11.     Remaining Defendants and Remaining Defendants' Released Parties shall have no responsibility or liability for Plan of Allocation or otherwise for the allocation of the Settlement Fund among the Class Members or any portion of the Fee and Expense Award or any Taxes or Tax Expenses (as referred to in paragraphs [6(b)] and [10]).

12.     All payments of Class Notice and Administration Expenses, Taxes and Tax Expenses, and any portion of the Fee and Expense Award shall be paid solely from the Settlement Fund Escrow Account and not by Plaintiffs, Co-Class Counsel, members of the Class, or the Released Parties.  Except as expressly stated in this Settlement Stipulation, there shall be no liability on the part of the Plaintiffs' Released Parties, Co-Class Counsel, Remaining Defendants'

Released Parties, or Remaining Defendants' Counsel for Class Notice and Administration Expenses, Taxes and Tax Expenses, any other fees or costs of the Claims Administrator, and any other cost of administering the Settlement Fund; in no event shall the Remaining Defendants' Released Parties have any monetary obligation whatsoever beyond their respective obligations with respect to the Gross Settlement Fund as provided in Paragraph [2] above.

13.     Plaintiffs agree that, prior to the Effective Date, the sum deposited into the Class Notice and Administration Fund Escrow Account shall be used solely to fund reasonable Class Notice and Administration Expenses.  If the Effective Date does not occur or this Settlement Stipulation is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund to Remaining Defendants the balance remaining in the Class Notice and Administration Fund Escrow Account, in proportion to their contribution to the Settlement Fund. In no event shall Plaintiffs, Co-Class Counsel, or the Class be liable to the Remaining Defendants for any sums used to fund such properly incurred Class Notice and Administration Expenses, Taxes and Tax Expenses, and any other fees or costs of the Claims Administrator incurred providing reasonable class notice.

### C.     Taxes and Tax Expenses

14.     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent, shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Part [III.C], including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare

and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

15.     The Escrow Agent shall be the "administrator" of the Settlement Fund, as that term is used in Treas. Reg. § 1.468B-2(k)(3). As administrator, the Escrow Agent shall timely prepare and file all required Tax returns with respect to the Settlement Funds, including, without limitation, the returns described in Treas. Reg.§§ 1.468B-2(k)(l) and 1.468B-2(1)(2). Such returns (as well as the election described in Paragraph [14]) shall be consistent with this Part [III.C] and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in Paragraph 16 below.

16.     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, and expenses and costs incurred in connection with the operation and implementation of this Part [III.C] (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in Paragraph [15] ("Tax Expenses"), shall be paid out of the Gross Settlement Fund.  Remaining Defendants' Released Parties, Remaining Defendants' Counsel, Plaintiffs, and Co-Class Counsel shall have no liability or responsibility for the Taxes or the Tax Expenses, or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.  Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court.  The Escrow Agent shall indemnify and hold each of the Remaining Defendants' Released Parties and Remaining Defendants' Counsel harmless for Taxes and Tax Expenses (including, without

limitation, Taxes payable by reason of any indemnification payments). The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)). Neither Remaining Defendants' Released Parties, Remaining Defendants' Counsel, Plaintiffs, nor Co-Class Counsel are responsible therefor, nor shall they have any liability with respect thereto. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Part [III.C].

## IV.    RELEASES

17.    The obligations incurred pursuant to this Settlement Stipulation shall be a full and final disposition of the Action against the Remaining Defendants, any and all Released Plaintiffs' Claims, and any and all Released Remaining Defendants' Claims, as against all Released Parties.

18.    Upon the Effective Date, Plaintiffs and every Class Member, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns, and Plaintiffs' Released Parties shall be deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Remaining Defendants, and each of them, and any and all of the Remaining Defendants' Released Parties, and shall be forever barred and enjoined from instituting, prosecuting, participating, continuing, maintaining or asserting any Released Plaintiffs' Claim, or assisting any Person in instituting, prosecuting, participating, continuing, maintaining or asserting any Released Plaintiffs' Claim, against any of the Remaining Defendants' Released Parties, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any other Person, and regardless of whether

or not such Class Member executes and delivers the Proof of Claim. By entering into this Settlement Agreement, Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Plaintiffs' Claims, or any of them, to any other Person.

19.     Upon the Effective Date, Remaining Defendants, and each of them, on behalf of themselves and Remaining Defendants' Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Remaining Defendants' Claims against Plaintiffs and any and all of the Plaintiffs' Released Parties including, but not limited to, Co-Class Counsel.  By entering into this Settlement Agreement, the Remaining Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Remaining Defendants' Claims, or any of them, to any other Person.

20.     Only those Class Members filing valid and timely Proof of Claim forms, or who filed Proof of Claim forms in the Galena Settlement, shall be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund.  The Proof of Claim to be executed by Class Members shall release all Released Plaintiffs' Claims against Remaining Defendants and Remaining Defendants' Released Parties.  Class Members who submitted valid Proof of Claim forms in the Galena Settlement need take no action.

21.     All Class Members not submitting valid and timely requests for exclusion shall be bound by the releases set forth in this Section [IV], whether or not they submit a valid and timely Proof of Claim.

## V.     PRELIMINARY APPROVAL HEARING AND ORDER

22.     Promptly after this Settlement Stipulation has been fully executed, Co-Class Counsel shall submit the fully executed Remaining Defendants' Settlement Stipulation together

with its Exhibits to the Court and shall request that the Court enter the Preliminary Approval Order, and approve the Notice and Publication Notice, substantially in the form of Exhibits 1 and 2 to Exhibit A annexed hereto.

23.     At the time of the joint submission described in Paragraph [22], Co-Class Counsel shall request that, after Notice is given, the Court hold a hearing (the "Settlement Hearing"), among other things, to certify the Class and grant final approval of this Settlement as contemplated by the Preliminary Approval Order annexed hereto as Exhibit A.  To permit compliance with the settlement notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the Settlement Hearing shall take place no earlier than 100 calendar days after the filing of this Settlement Stipulation. At the Settlement Hearing, Co-Class Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Award Application, and the Plaintiffs' Compensatory Awards, if any.

24.     Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Settlement Stipulation, to the Plan of Allocation, to any term(s) of this Settlement Stipulation, to the Fee and Expense Award Application, or to any Plaintiffs' Compensatory Awards must file with, or mail to, the Court by no later than the time set out in the Preliminary Approval Order (attached as Exhibit A hereto) or as the Court may otherwise direct, a statement of their, his, her or its objection(s); provided however, that a potential Class Member who submits a Request for Exclusion, as defined below, from the Class shall not be able to submit an objection.

25.     The statement of objection of the Class Member shall state (a) whether the Class Member is a Class Member, (b) which part of the Settlement, term(s) of this Settlement Stipulation, Fee and Expense Award Application, and/or Plaintiffs' Compensatory Awards the Class Member objects to and (c) the specific reason(s), if any, for each such objection made by the

Class Member, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. Such Class Member shall also provide documentation sufficient to establish the amount of publicly-traded Galena common stock purchased and sold during the Class Period, and the prices and dates of each transaction. Failure to provide such information and documentation shall be grounds to void the objection.

26.     Any Class Member who fails to comply with any of the provisions of Paragraphs [24-25] of this Settlement Stipulation shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Settlement Hearing and/or to object to this Settlement Stipulation, and shall be bound by all the terms of this Settlement Stipulation, and by all proceedings, orders and judgments in the Action.

## VI.   ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND SUPERVISION AND DISTRIBUTION OF THE NET SETTLEMENT FUND

27.     The Claims Administrator, acting on behalf of the Class, and subject to such supervision and direction of the Court or Co-Class Counsel as may be necessary or as the circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The Remaining Defendants' Released Parties shall not have any role in, or responsibility or liability to any Person, including without limitation, the Plaintiffs, Class Members or Co-Class Counsel, for the administration of the Settlement or the solicitation, review or evaluation of Proofs of Claim, nor shall any discovery be taken of Remaining Defendants in connection with such matters.

28.     The Settlement Fund shall be applied as follows:

(a)     To pay the Taxes and Tax Expenses as provided in Paragraph [16] above;

(b)     To pay all reasonable Class Notice and Administration Expenses as provided in

Paragraph [10], including any additional fees and expenses reasonably incurred by the Claims Administrator in the administration of the Settlement Fund;

(c)    To pay any Fee and Expense Award with interest thereon granted by the Court as provided in Paragraph [39] (the "Fee and Expense Award");

(d)    To pay a Compensatory Award to the Plaintiffs as provided in Paragraph [23], in the event and to the extent any such award is sought and allowed by the Court;

(e)    Following the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by this Settlement Stipulation, the Plan of Allocation, or the Court.

29.    Any Authorized Claimant that has filed a proof of claim with the Claims Administrator in the Galena Settlement need not file a Proof of Claim in this Settlement, but may rely on their previously filed proof of claim for this Settlement.

30.    The distribution of the Net Settlement Fund to Settlement Class Members shall be subject to the Plan of Allocation, which was approved by the Court following notice to the Settlement Class Members.  The Remaining Defendants take no position on the Plan of Allocation, provided it is not inconsistent with the terms of this Settlement Stipulation.

31.    The Plan of Allocation is not a necessary term or part of the Settlement or this Settlement Stipulation and it is not a condition of this Settlement Stipulation (or to entry of the Final Order and Judgment) that any particular plan of allocation be approved by the Court.  The Court's prior approval of the Plan of Allocation is separate from, and independent of, the Court's consideration of the question of whether the proposed Settlement is fair, reasonable and adequate and in the best interests of the Settlement Class. Any orders or proceedings relating to the Plan of Allocation (or any other such plan of allocation as may be approved by the Court) as well as any

appeal therefrom (or appellate ruling) shall not: (a) operate to modify, terminate or cancel this Settlement; (b) affect or delay the validity or finality of the Final Order and Judgment or any other orders entered by the Court giving effect to this Settlement Stipulation; (c) affect or delay the Effective Date; (d) provide any ground or otherwise permit any Person (including Plaintiffs and the other Settlement Class Members), or any of their counsel, to cancel, terminate or withdraw from this Settlement Stipulation or the Settlement; and/or (e) affect or delay the validity of the Settlement.

32.     Each Authorized Claimant that is determined to have a "Recognized Loss" (as that term will be defined in the Plan of Allocation) shall be allocated a pro rata share of the Net Settlement Fund based on the amount of his, her or its "Recognized Loss" in accordance with the Court-approved Plan of Allocation if their claim is accepted for payment by the Court, except that no Class Member will be allocated a Recognized Loss if it would result in mailing of a check to that Class Member for less than $10.

33.     Co-Class Counsel will apply to the Court for a Class Distribution Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously applied for (including the fees and expenses of the Claims Administrator) and, if the Effective Date has occurred, directing distribution of the Net Settlement Fund to Authorized Claimants. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund shall be distributed as set forth in the Plan of Allocation.

34.     This is not a claims-made settlement.  As of the Effective Date, the Remaining Defendants shall not have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Proof of Claim Forms filed, and/or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

35.     By submitting a Proof of Claim Form in the related Galena Settlement, each Settlement Class Member is deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and this Settlement, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the claim.  In connection with the processing of the Proof of Claim Forms, no discovery shall be allowed on the merits of the Action or of the Settlement.

36.     Payment pursuant to the terms of this Settlement Stipulation shall be deemed final and conclusive against Plaintiffs and all other Settlement Class Members.  Regardless of whether such person submits a Proof of Claim Form, seeks or obtains a payment or distribution from the Settlement Fund or is entitled to a payment under the Plan of Allocation: any Settlement Class Member: (a) who does not timely submit a valid Proof of Claim Form or has its claim rejected or not otherwise approved by the Court, (b) shall be deemed to have waived its right to share in the Settlement Fund, and shall forever be barred from participating in distributions therefrom, but (c) otherwise shall be bound by all of the terms of the Settlement and this Settlement Stipulation and all determinations, judgments and orders in the Action relating thereto, including the terms of the Final Order and Judgment to be entered in the Action (including the Releases provided for therein, whether favorable or unfavorable to the Settlement Class), and will be barred from bringing any action against the Released Defendant Persons concerning the Released Plaintiff Claims.  Any

Person that is not a Settlement Class Member (including, without limitation, those who validly exclude themselves from the Settlement Class) shall not have any right to any share of the Net Settlement Fund or to receive distributions therefrom.

37.     No Person shall have any claim against Plaintiffs, Co-Class Counsel, Remaining Defendants or Remaining Defendants' Counsel based on the administration of the Settlement, including without limitation the processing of claims and distributions made in accordance with this Settlement Stipulation, the Settlement, the Plan of Allocation and/or the implementation of the Class Distribution Order.

38.     All proceedings with respect to the administration, processing and determination of claims described in this Settlement Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

## VII.    ATTORNEYS' FEE AND EXPENSE AWARD AND PLAINTIFFS' COMPENSATORY AWARD

39.     Co-Class Counsel will apply to the Court for a Fee and Expense Award (the "Fee and Expense Award Application") to be paid as provided in Paragraph [41] subject to the obligation of Co-Class Counsel to make appropriate refunds as required pursuant to Paragraphs [41**Error! Reference source not found.**] below.  Co-Class Counsel may request up to 25% of the Settlement Fund as compensation for Co-Class Counsel's efforts on behalf of the Class.  The Remaining Defendants' Released Parties will take no position with respect to the Fee and Expense Award Application.

40.     Subject to the restrictions in Paragraphs [41] below, the Fee and Expense Award, as awarded by the Court, shall be payable to Co-Class Counsel solely from the Gross Settlement Fund five (5) calendar days after entry of the Court's Order granting the Fee and Expense Award.

41.     If the Effective Date does not occur or if this Settlement Stipulation is terminated, then any Fee and Expense Award is no longer payable.  In the event that any portion of the Fee and Expense Award is paid from the Gross Settlement Fund, and the Effective Date does not occur or this Settlement Stipulation is terminated, Co-Class Counsel shall have the joint and several obligation to, and shall within seven (7) Business Days from the event which precludes the Effective Date from occurring or the termination of this Settlement Stipulation, refund to the Gross Settlement Fund the portion of the Fee and Expense Award paid to Co-Class Counsel.  Co-Class Counsel, as a condition of receiving the Fee and Expense Award, agrees that it is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph [41] below.

42.     The procedure for and allowance or disallowance by the Court of any application for a Fee and Expense Award to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Settlement Stipulation and are to be considered by the Court at the Settlement Hearing, but separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Stipulation. None of the Settling Parties may terminate or cancel this Settlement Stipulation on the basis of the amount of any Fee and Expense Award.  Any order or proceedings relating to the Fee and Expense Award or Fee and Expense Award Application, or any appeal from any order relating to such Fee and Expense Award or reversal or modification thereof, shall not modify, terminate or cancel this Settlement Stipulation, or affect or delay the finality of the Judgment approving this Settlement Stipulation and the Settlement of the Action.

43.     Remaining Defendants and Remaining Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any fees, costs or expenses (including without limitation any Fee and Expense Award) incurred or sought by Co-Class

Counsel or any other Person who receives payment from the Gross Settlement Fund.

44.     Remaining Defendants and Remaining Defendants' Released Parties also shall have no responsibility for, and no liability whatsoever with respect to, any fees, costs or expenses (including without limitation any Fee and Expense Award) with respect to the allocation among Co-Class Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

45.     Co-Class Counsel has advised Remaining Defendants that Co-Class Counsel may submit an application to the Court (a) authorizing the payment of a Compensatory Award for the time and expenses expended by Plaintiffs in assisting Co-Class Counsel in the litigation of this Action, and (b) requesting that, subject to the payment terms in Paragraphs [23], payment for any Compensatory Award payable in cash shall be payable to Plaintiffs five (5) days after the Effective Date.

## VIII.   FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

46.     Upon the Court's approval of this Settlement Stipulation, the Settling Parties shall request that the Court enter Judgment in all material respects in the form set forth in Exhibit B, dismissing this Action as against the Remaining Defendants with prejudice.

## IX.   EFFECTIVE DATE OF SETTLEMENT, MODIFICATION AND TERMINATION

47.     The Effective Date of this Settlement Stipulation (the "Effective Date") shall be the date on which all the following conditions of settlement shall have occurred:

(a)     Deposit of the Settlement Amount into the Settlement Fund in accordance with Paragraph [2] above;

(b)     Entry by the Court of the Preliminary Approval Order Judgment in all material respects in the form set forth in Exhibit A; and

(c)     Entry by the Court of the Judgment in all material respects in the form set forth in

Exhibit B, and the Judgment becoming Final, as defined in Paragraph [1(q)] above.

48.     Any appeal or delay in (a) the determination of any Fee and Expense Award, or (b) the granting of a Compensatory Award to Plaintiffs shall not affect, alter, or delay the occurrence of the Effective Date.

49.     Upon the occurrence of the Effective Date, any and all interest or right of Remaining Defendants and their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Settlement Stipulation.  The Settlement Fund shall be distributed in accordance with Part [VI] above.

50.     In the event that this Settlement Stipulation is not approved by the Court, or the Effective Date does not occur, then this Settlement Stipulation shall be canceled and terminated subject to Paragraph [51] below unless Co-Class Counsel and Remaining Defendants' Counsel mutually agree in writing to proceed with this Settlement Stipulation.  None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed to in this Settlement Stipulation. Without limitation of any Party's other rights or remedies at law or in equity to enforce its rights against any other Party that breaches its obligations under this Settlement Stipulation, no breach by any Party of its obligations under this Settlement Stipulation shall permit any other Party to terminate this Settlement Stipulation or, after the Effective Date, affect or impair the disposition of the Action or release of claims contemplated by Part [IV] above.

51.     Unless otherwise ordered by the Court, in the event the Settlement Stipulation is terminated, or is canceled, or shall not become effective for any reason, within seven (7) Business Days after written notification of such event is sent by Remaining Defendants' Counsel or Co-Class Counsel to the Escrow Agent, subject to the terms of Paragraph [55] below, the Settlement

Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to Paragraphs [10] or [16] above, shall be refunded by the Escrow Agent to the Remaining Defendants, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by wire transfer pursuant to written instructions from Remaining Defendants' Counsel. At the request of Remaining Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to Remaining Defendants and their insurers in proportion to their contributions to the Settlement Fund.

52.     If this Settlement Stipulation is not approved by the Court or the Settlement set forth in this Settlement Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation immediately prior to the Execution Date of this Settlement Stipulation and no claims, rights or defenses, whether legal or equitable, of any of the Settling Parties that existed prior to executing this Settlement Stipulation shall be diminished or prejudiced in any way.  In such event, the terms and provisions of this Settlement Stipulation, with the exception of Paragraphs [1(a)-(ss), 50-53] hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any Fee and Expense Award by the Court to Co-Class Counsel shall constitute grounds for cancellation or termination of this Settlement Stipulation.

53.     If the Effective Date does not occur, neither Plaintiffs nor Co-Class Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any Class Notice and Administration Expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to this Settlement Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Settlement Stipulation prior to the balance being refunded in accordance with Paragraph [51].

54.     Plaintiffs, on behalf of the Class, or the Remaining Defendants shall, in each of their separate discretions, have the right to terminate the Settlement, and thereby this Settlement Stipulation, as to themselves, by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties hereto within thirty (30) days of:

(a)     the Court's declining to enter the Judgment in any material respect; or

(b)     the failure on the part of any of the Settling Parties to abide, in any material respect, with the terms of  this Stipulation of Settlement.

55.     If Remaining Defendants do not timely make (or cause to be made) the payments as provided in Paragraph [2] of this Settlement Stipulation, Plaintiffs shall have the right to terminate this Settlement or to a judgment for the Settlement Amount.

## X.     MISCELLANEOUS PROVISIONS

56.     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Stipulation. Co-Class Counsel and Remaining Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order,

this Settlement Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

57.     The Settling Parties intend this Settlement Stipulation to be a final and complete resolution of all disputes that have arisen or could have arisen between them or among the Plaintiffs and the Class Members on the one hand, and the Remaining Defendants and the Remaining Defendants' Released Parties on the other hand, with respect to the matters alleged in the Complaint, and all claims that have been asserted or that could have been asserted by Plaintiffs and the Class Members against the Remaining Defendants' Released Parties with respect to the Released Plaintiffs' Claims.

58.     The Settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Settling Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by any the Remaining Defendants, or each or any of them, in bad faith or without a reasonable basis. The Judgment will contain a statement that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Settling Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

59.     The Settling Parties and their respective counsel agree to keep the information disclosed to them in connection with the settlement negotiations confidential unless required to publicly disclose such information by applicable law, in which case written notice as to the content of any public communication shall be provided to all other Settling Parties at least three (3) business days prior to disclosure. In the event any of the Settling Parties wish to make a voluntary

public disclosure regarding the Settlement, its terms, conditions or obligations (other than the fact that this case was resolved by Settlement), such Settling Party shall provide advance notice to all other Settling Parties as to the content of any such public communication at least three (3) Business Days prior to making such disclosure.

60.     Except for the purposes of enforcing the Settlement, this Settlement Stipulation and Settlement, whether or not the Effective Date occurs or this Settlement Stipulation is terminated, any of its provisions, any negotiations, proceedings or agreements relating to this Settlement Stipulation and Settlement, all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Settlement Stipulation or the Settlement:

(a)     shall not be offered or received against any of the Remaining Defendants or Remaining Defendants' Released Parties, or each or any of them, as evidence of a presumption, admission, or concession of any kind;

(b)     shall not be offered or received against any of the Remaining Defendants or Remaining Defendants' Released Parties, or each or any of them, as an admission, with respect to the truth of any fact alleged in the Complaint or the validity of any Released Plaintiffs' Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault or wrongdoing of the Remaining Defendants;

(c)     shall not be offered or received against any of the Remaining Defendants or Remaining Defendants' Released Parties, or each or any of them, as a concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant and the Remaining Defendants' Released Parties, or any of them;

(d)    shall not be offered or received against Plaintiffs, the Class, Plaintiffs' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Remaining Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Remaining Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(e)    shall not be offered or received against Plaintiffs, the Class, and Plaintiffs' Released Parties, or each or any of them, or against Remaining Defendants, Remaining Defendants' Released Parties, or each or any of them, as evidence of any liability, negligence, fault or wrongdoing as against any Settling Parties to this Settlement Stipulation, in any other civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Stipulation, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Stipulation and/or Settlement may be used in any proceeding as may be necessary to effectuate and enforce the provisions of this Settlement Stipulation. Moreover, if this Settlement Stipulation is approved by the Court, any Party, Remaining Defendants' Released Parties, or Plaintiffs' Released Parties may file this Settlement Stipulation and/or Judgment or refer to this Settlement Stipulation and/or Judgment to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim under U.S. federal or state law or foreign law, or to otherwise effectuate the release of any and all released claims and other liability protections granted hereunder;

(f)    shall not be construed against Plaintiffs, the Class, and Plaintiffs' Released Parties, or each or any of them, or against Remaining Defendants, Remaining Defendants' Released

Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial;

(g)     shall not be construed as or received in evidence as an admission or concession, or presumption against Plaintiffs, the Class, and Plaintiffs' Released Parties, or each and any of them, or against Remaining Defendants, Remaining Defendants' Released Parties, or each or any of them, that any of their claims or defenses are with or without merit or that damages recoverable under the Complaint would have exceeded or would have been less than the Settlement Fund; and

(h)     shall not, in the event of Termination, be used by any Party for any purpose in any trial in this Action.

61.     The headings and captions used herein are used for the purpose of convenience only and are not meant to have legal effect and in no way define, limit, extend or describe the scope of this Settlement Stipulation or the intent of any provision hereof.

62.     The waiver by one party of any breach of this Settlement Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Stipulation.

63.     All of the Exhibits to this Settlement Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

64.     This Settlement Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

65.     This Settlement Stipulation and the Exhibits annexed hereto constitute the sole and entire agreement among the Settling Parties, and no representations, warranties, inducements, promises or agreements, oral or otherwise, have been made to any party concerning this Settlement

Stipulation or its Exhibits other than those contained and memorialized in such documents. Any and all prior or contemporaneous discussions, negotiations, agreements, commitments, and understandings related thereto are superseded hereby. Except as otherwise provided herein, each Party shall bear its own fees and costs.

66.      Co-Class Counsel, with approval of Plaintiffs, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Settlement Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Settlement Stipulation on behalf of the Class that it deems appropriate.

67.      Each counsel or other Person executing this Settlement Stipulation, any of its Exhibits, or any related settlement documents on behalf of any Party hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Settlement Stipulation to effectuate its terms.

68.      This Settlement Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. This Settlement Stipulation may be executed by exchange of faxed or e-mailed (in .pdf format) executed signature pages, and any signature thereby transmitted shall be deemed an original signature for purposes of this Settlement Stipulation.

69.      This Settlement Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, administrators, trustees, parents, successors and assigns of the Settling Parties, the Remaining Defendants' Released Parties, and the Plaintiffs' Released Parties, including any corporation, trust, partnership or other entity into which any Party heretofore has merged or with

which it has been consolidated or hereafter may merge or consolidate.

70.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Stipulation.

71.    This Settlement Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Oregon.  The construction, interpretation, operation, effect and validity of this Settlement Stipulation and any ancillary documents necessary to effectuate it shall be governed by, construed, and enforced in accordance with the internal, substantive laws of the State of Oregon without giving effect to that State's choice or conflicts-of-laws principles, except to the extent that federal law requires that federal law governs.

72.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Stipulation, and the administration and consummation of this Settlement Stipulation embodied therein.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Stipulation.

73.    The Settling Parties reserve the right, upon the agreement of all of them and subject to the Court's approval, to make any reasonable extensions of time or modifications to the Exhibits that might be necessary to carry out any of the provisions of this Settlement Stipulation.

74.    All Settling Parties agree that this Settlement Stipulation was drafted by counsel for the Settling Parties in good faith and at arm's length, and that no parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Settling Parties or their

counsel, or the circumstances under which the Settlement Stipulation was made or executed. This Settlement Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared or drafted by counsel for that Settling Party. It is recognized that this Settlement Stipulation was the result of arm's length negotiations between counsel for the Settling Parties.

75.     All Settling Parties contributed substantially and materially to the preparation of this Settlement Stipulation.

76.     In the event that any one or more of the material provisions contained in this Settlement Stipulation shall for any reason be held to be invalid, illegal, or unenforceable in any respect, this Settlement Stipulation shall not be binding on a Party without the consent of such Settling Party to the change resulting from such finding or holding.

77.     By making their application for approval of this Settlement Stipulation, Co-Class Counsel and Remaining Defendants' Counsel shall not be deemed to have waived any attorney-client privilege or other privilege, work product protection or other protection or immunity, and all information and documents transmitted between Co-Class Counsel and Remaining Defendants' Counsel in connection with the mediation and this Settlement shall be inadmissible in any proceeding in any federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or tribunal.

78.     Whenever this Settlement Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be provided by facsimile, electronic mail, or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery, to the facsimile number or address, as the case may be, set

forth below:

**If to Defendants, then to:**


James T. McDermott
**Ball Janik LLP**
101 SW Main Street, Suite 1100
Portland, OR 97204-3219
Tel: (503) 228-2525
Fax: (503) 226-3910


    - and -

Jacob S. Frenkel
**Dickinson Wright PLLC**
International Square
1825 Eye Street, Suite 900
Washington, DC  20006
Tel: (202) 466-5953
Fax: (844) 670-6009


Edward Gartenberg
**Gartenberg Gelfand Hayton LLP**
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Tel: (213) 542-2111
Fax: (213) 542-2101


**If to Plaintiffs, then to**:

Laurence Matthew Rosen
**The Rosen Law Firm, P.A.**
lrosen@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827

79.    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Settlement Stipulation or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included.

80.     The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Stipulation.

81.     No part of the Settlement Amount, once it is deposited into the Escrow Account, shall be used to settle any other action, including without limitation the Derivative Actions, as well as *Hosie Kenneth Riley v. Galena Biopharma, Inc.*, et. al., 3:15-cv-01748-AC (D. OR.), nor shall any part of the Settlement Amount be paid to the plaintiffs or their counsel in those Actions.

Dated: 5/17/2017

By: _____
THE ROSEN LAW FIRM, P.A.
Laurence Matthew Rosen
Jonathan Horne
275 Madison Avenue, 34th Floor
New York,, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

Patrick V. Dahlstrom
Leigh Handelman Smollar
POMERANTZ LLP
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel:  (312) 377-1181

*Co-Class Counsel*

By: _____
James T. McDermott
OSB No. 933594
Ciaran P.A. Connelly
OSB No. 116761
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, OR 97204-3219
Tel: (503) 228-2525
Fax: (503) 226-3910
Email: jmcdermott@balljanik.com
        cconnelly@balljanik.com

DICKINSON WRIGHT PLLC
Jacob S. Frenkel (Pro Hac Vice)
International Square
1825 Eye Street, Suite 900
Washington, D.C. 20006
Tel: (202) 466-5953
Fax:  (202) 659-1559
Email: jfrenkel@dickinson-wright.com

*Attorneys for Defendants Michael McCarthy
and The DreamTeam Group, LLC*

By: _____
Edward Gartenberg
Milena Dolukhanyan
GARTENBERG GELFAND HAYTON
LLP
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Tel.: (213) 542-2111
Fax: (213) 542-2101
Email: egartenberg@gghslaw.com
Email: mdolukhanyan@gghslaw.com

*Attorneys for Defendants Lidingo Holdings,
LLC and Kamilla Bjorlin*

43

Dated: _____

By: _____
**THE ROSEN LAW FIRM, P.A.**
Laurence Matthew Rosen
Jonathan Horne
275 Madison Avenue, 34th Floor
New York,, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

Patrick V. Dahlstrom
Leigh Handelman Smollar
**POMERANTZ LLP**
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181

*Co-Class Counsel*

By: _____
James T. McDermott
OSB No. 933594
Ciaran P.A. Connelly
OSB No. 116761
**BALL JANIK LLP**
101 SW Main Street, Suite 1100
Portland, OR 97204-3219
Tel: (503) 228-2525
Fax: (503) 226-3910
Email: jmcdermott@balljanik.com
         cconnelly@balljanik.com

**DICKINSON WRIGHT PLLC**
Jacob S. Frenkel (Pro Hac Vice)
International Square
1825 Eye Street, Suite 900
Washington, D.C. 20006
Tel: (202) 466-5953
Fax:  (202) 659-1559
Email: jfrenkel@dickinson-wright.com

*Attorneys for Defendants Michael McCarthy*
*and The DreamTeam Group, LLC*

By: _____
Edward Gartenberg
**GARTENBERG GELFAND HAYTON**
**LLP**
15260 Ventura Blvd., Suite 1920
Sherman Oaks, CA 91403
Tel.: (213) 542-2111
Fax: (213) 542-2101
Email: egartenberg@gghslaw.com

*Attorneys for Defendants Lidingo Holdings,*
*LLC and Kamilla Bjorlin*